IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE HERITAGE BANK, )
)
    Plaintiff, )
)
v. ) CASE NO. CV414-268
)
QUINNCO HINESVILLE, LLC; )
CHARLES W. COKER, JR.; MICHAEL )
F.P. MALONEY; )
)
    Defendants. )
)

## O R D E R

Plaintiff has filed a complaint in this Court seeking damages for Defendants' alleged breaches of a number of loan agreements. (Doc. 1.) In the complaint, Plaintiff attempts to invoke this Court's diversity jurisdiction. (Id. ¶ 7.) However, the jurisdictional allegations contained in the complaint are insufficient to establish complete diversity between the parties.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens. <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LLC: "a party must list the citizenships of all the members of the limited liability company." <u>Id.</u> at 1022.

In this case, the complaint does not include a list of the individual members, along with their citizenship, of Defendant Quinnco Hinesville, LLC. Rather, the complaint only states that Defendant Quinnco is a South Carolina limited liability company with all its members being residents outside of Georgia. (Doc. 1 ¶ 2.) The complaint relies on these allegations to advance the general conclusion that complete diversity exists between the parties. (<u>Id.</u> ¶ 7.) Such unspecific allegations, however, are insufficient for Plaintiff to carry its burden of

establishing complete diversity between the parties. See Ray, 519 F.2d at 1082.

Accordingly, Plaintiff is **DIRECTED** to file an amended complaint within **fourteen days** from the date of this order. The amended complaint should properly include the citizenship of each party to this case, specifically the names and citizenships of each member of Defendant Quinnco Hinesville, LLC. Accordingly, because Plaintiff must file an amended complaint, the Clerk's Entry of Default (Doc. 10) is hereby **VACATED**.

SO ORDERED this 21ST day of January 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA