FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2016 JAN 20 PM 2: 11

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE HERITAGE BANK, )
)
    Plaintiff, )
)
v. ) CASE NO. CV414-268
)
QUINNCO HINESVILLE, LLC; CHARLES )
W. COKER, JR.; and MICHAEL F. P. )
MALONEY; )
)
    Defendants. )
)

## ORDER

Plaintiff Heritage Bank has filed an amended complaint in this Court seeking damages and attorney's fees based on Defendants' alleged failure to pay the amounts due under certain loans. (Doc. 12.) Once again, however, the jurisdictional allegations contained in the amended complaint are insufficient to establish complete diversity between the parties. The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022.

In this case, the First Amended Complaint notes that the members of Defendant Quinnco Hinesville, LLC are Quinnco Companies, LLC and Quinnco Employees, LLC. (Doc. 12 at 1.) However, the amended complaint does not include a list of the individual members, along with their citizenships, of Quinnco Companies, LLC and Quinnco Employees, LLC. The notice merely states that Quinnco Companies, LLC and Quinnco Employees, LLC are South Carolina limited liability companies with their citizenship in South Carolina. (Id.)

However, the general allegation that Defendant Quinnco Hinesville, LLC's member LLCs are citizens of South Carolina is not enough. See Ray, 519 F.2d at 1082, see also RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., 2011 WL 6019904, at *2 (N.D. Ga. Dec. 2, 2011)(reviewing citizenship of each member LLC). Thus, to properly plead diversity Plaintiff must provide the citizenship of any member LLC's by providing a list of their members and citizenships. Accordingly, Plaintiff is **DIRECTED** to file an amended complaint within **fourteen days** from the date of this order. As noted above and in previous orders of this Court, the amended complaint must properly allege diversity in this case by including

2

the names and citizenships of each member of Defendant LLCs, thus allowing the Court to confirm that it possesses jurisdiction to entertain this case.

The Court fails to understand why Plaintiff's attorney cannot comprehend its directives, or the plain requirements for pleading diversity when a LLC is a party. Rolling Greens, 374 F.3d at 1021-22. The Court also questions the value of obtaining a default judgment against one party without obtaining the dismissal of the other parties in this case. See Drill S., Inc. v. Int'l Fid. Ins. Co., 234 F.3d 1232, 1237 n.8 (11th Cir. 2000) ("[W]here multiple defendants are jointly liable, it would be 'incongruous' for judgment to be entered against a defaulting defendant prior to the decision on the merits as to the remaining defendants." (citing Frow v. De La Vega, 82 U.S. 552, 554 (1872))). Plaintiff's lawyers are creating unnecessary busy work for this Court and should, instead, just do it right. Further failure by Plaintiff will result in a dismissal of this case by this Court. Accordingly, because Plaintiff must file an amended complaint, the Clerk's Entry of Default (Doc. 16) is hereby **VACATED**. Plaintiff's Motion for Default Judgment (Doc. 18) is likewise **DISMISSED AS MOOT**.

SO ORDERED this 20th day of January 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3